FREDERICK DEUBEL ET AL., PLAINTIFFS AND APPEL-
    LEES, v. MILLARD CONSTRUCTION COMPANY, DEFEND-
    ANT AND APPELLANT.

Argued February 15, 1910—Decided September 26, 1910.

1.  The state of the case shows facts from which the trial court
    could infer that certain injuries to the houses of the complainant
    were caused by the act of the defendant in blasting rock in
    excavating a cut for a railroad.
2.  The facts also were such that the court could infer that the said
    work of blasting was not done with reasonable care taken to
    protect the said property of the plaintiff from said injuries.

On appeal from a judgment rendered in the First District
Court of Jersey City.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *Joseph M. Noonan.*

For the appellees, *David W. McCrea* and *Robert L. Law-
rence.*

The opinion of the court was delivered by

REED, J.  This case was tried by the District Court without
a jury, and a judgment was rendered in favor of the plaintiffs
for the sum of one hundred and fifty-one dollars ($151)
damages.

The action was brought to recover damages to two certain
dwelling-houses owned by the plaintiffs, and used by them for
the purpose of renting to tenants.  One of these houses was
known as No. 36 and the other as No. 40 Washburn street.

In June, 1908, the defendant was engaged in blasting stone
in excavating a cut for a portion of a railroad through Bergen
Hill, Jersey City.  The two houses of the plaintiffs were
situated twenty feet from this cut.  The gravamen of the
plaintiffs' complaint was that the two houses mentioned were

injured, and the rental value of them was impaired by the concussion, and by stone thrown by the blast used by the defendant in performing the said work.

The first ground upon which the reversal of judgment is asked is that there should have been a nonsuit, because there was deficiency of evidence to show that the houses were injured by the blasts of the defendant.

The state of the case shows that there was evidence that up to June when the work was progressing, house No. 36 had been rented for the sum of twenty-two dollars ($22) a month, and at that time it was vacated, and not again rented until September, when it was rerented for eighteen dollars ($18) a month. There was evidence to show that during the summer months, cracks were made in the walls of said house.

The testimony shows that house No. 40 was, up to August 1st, tenanted by one John Wistoft, who paid rent at the rate of twenty-eight dollars ($28) a month, and that he, on that date, left the premises. He testified that he left because he heard stones falling upon the roof, coming, as he believed, from the defendant's blasting; that the house was shaken at times by the concussion of the blasts. It appears that this house was two months later rented to a new tenant for twenty-three dollars ($23) a month.

It appears from the testimony of one Mahoney, a carpenter, and a witness for the defendant, that he had made repairs by the direction of the defendant to the houses of the plaintiffs, and other repairs to other houses in the vicinity for injuries caused by stones thrown from the cut by the blasting. It appears that the roof and shingles by the bay window of house No. 40 had been damaged during the summer of 1908.

The trial judge found that the vacating of No. 36 and the failure to secure the amount of rent previously received for each house, was due to the blasting in the cut, the concussion, and the throwing of the stones caused by the blasting.

From the facts set out in the state of the case, we cannot say that there was no evidence from which the trial judge could draw the inference that the injuries mentioned were the

result of the acts of the defendant. There was, therefore, no legal error in refusing to nonsuit on this ground.

The second ground on which it is claimed there should have been judgment for the defendant is that assuming that the injuries claimed were caused by the blasting by the defendant's servants, yet that no responsibility was proved against the defendant. The insistence is that the defendant was engaged in a public enterprise, and as long as it used reasonable care in the execution of the work, no liability arose for incidental injuries.

In support of this position the case of *Beseman* v. *Pennsylvania Railroad Co.,* 21 *Vroom* 235, is invoked. The rule laid down in that case was that necessary incidental injuries were *damnum absque injuria* when resulting from the execution of work of public character under legislative authority. The question in that case arose as one of pleading, and under the plea the incidental injury was set out as necessary in the operation of defendant's railroad.

In the present case, the question of necessity for the injuries in the blasting of the cut is one of evidence. It does not appear that this question was raised upon the trial, and it arises now upon the motion to nonsuit and to direct a judgment for the defendant.

Assuming that the work done was by legislative authority, the question arises as to whether it conclusively appeared upon the trial that the work was done with reasonable care to prevent injury to adjoining property.

In support of the contention that it was so done, it is pointed out that one Wellington testified that he was the superintendent employed by the defendant, and that he had many years' experience in blasting and excavating. He testified that in his opinion the precautions that were taken to prevent fragments of rock from escaping from the cut were all that could be taken. It does not appear in the state of the case what precautions were taken; and the only other testimony upon this point is that which led the court below to the conclusion that the injury was inflicted by the defendant's blasting.

We think it cannot be said, as a legal conclusion, that the opinion of the expert was conclusive upon the trial court that the defendant exercised reasonable care and skill in the use of the explosives employed. The finding for the plaintiffs must be presumed to be a finding that the defendant did not use such care.

We think the judgment should be affirmed.